NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ROBIN NEIL SNYDER,                  :
                                    :  Civil Action No. 14-2473 (RMB)
            Petitioner,             :
                                    :
       v.                           :            **OPINION**
                                    :
JORDAN L. HOLLINGSWORTH,             :
                                    :
            Respondent.             :
_____ :

**BUMB, District Judge:**

    This matter comes before the Court upon Petitioner's § 2241 petition, see Docket Entry No. 1 ("Petition"), that arrived accompanied by his statement that his spouse is about to forward the Clerk Petitioner's filing fee. See id. at 1.[1]

    Petitioner is a federal inmate currently confined at the FCI Fort Dix, New Jersey. See generally, Docket. His imprisonment resulted from the conviction and sentence rendered by the

---

[1] In the event no filing fee is received within thirty days from the date of entry of the Order accompanying this Opinion, this Court will direct the Clerk to institute collections against Petitioner. Section 1914, which governs filing fees in United States District Courts, provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5." Accord Valles v. O'Sullivan, 1998 U.S. Dist. LEXIS 11071, at *2 (N.D. Ill. July 13, 1998) (directing trust fund officer to collect the fee from the inmate's prison trust fund account).

District of Maryland ("D. Md.").[2]  See Docket Entry No. 1, at 2; see also Snyder v. United States, 2013 U.S. Dist. LEXIS 6992 (D. Md. Jan. 17, 2013).  Detailing the history of his conviction, direct appellate and collateral proceedings, his trial judge, Hon. Catherine C. Blake, stated:

> [Petitioner], convicted by a jury of wire fraud, money laundering, and obstruction of justice, was sentenced to a total of 97 months in prison on August 26, 2008 . . . .  On appeal, his convictions were affirmed by the Fourth Circuit. [See] United States v. Snyder, 365 F. App'x 508 (4th Cir. 2010).  [Petitioner] then filed a motion to vacate under 28 U.S.C. § 2255 in November 2011, which was . . . denied.  [During that collateral proceeding, Petitioner] argue[d] that he [was] actually innocent of the wire fraud charges brought against him . . . .   He relie[d] on Skilling v. United States, [561 U.S. 358] (2010), decided after []his appeal was concluded, which dealt with the constitutionality of the "honest-services" fraud statute enacted by Congress in 1988.  See 18 U.S.C. § 1346.  That statute defines "scheme or artifice to defraud" to include a scheme "to deprive another of the intangible right of honest services." Id.  In Skilling, the Court construed the honest-services doctrine as limited to schemes involving bribes and kickbacks. [Here, Petitioner's] argument is [misplaced since] the charges against him did not involve a theory of depriving others of honest services; rather he was charged under 18 U.S.C. § 1343

---

[2]   To effectuate his offenses, "[Petitioner] secured advance fees from persons seeking commercial mortgage loans, though he had no ability or intention in fact to obtain the requested loans. . . .  [These] advance fees initially were wired into the Nations Express bank account [and then] promptly transferred to the [Petitioner's business] Mortgage Bankers, Ltd. [having an] account at the same bank, [and then] used by [Petitioner] for his own benefit, and never returned to the would-be borrowers." United States v. Snyder, 2008 U.S. Dist. LEXIS 101196, at *3-4 (D. Md. Dec. 12, 2008).  Petitioner was ordered to pay restitution in the amount of $ 423,000 See USA v. Snyder, Crim. Action No. 07-0155 (CCB) (D. Md.) (filed Mar. 29, 2007, term. Feb. 12, 2009).

>    with an advance-fee scheme to defraud victims by
>    obtaining money from them through false promises that
>    he would work to obtain a loan on their behalf. . . .

Snyder, 2013 U.S. Dist. LEXIS 6992, at *1-2.

The Fourth Circuit affirmed Judge Blake's findings. See United States v. Snyder, 520 F. App'x 220 (4th Cir. 2013). Petitioner's numerous applications for certiorari filed in connection with his direct appellate proceedings were denied by the Supreme Court, see Snyder v. United States, 134 S. Ct. 552 (Nov. 4, 2013); Snyder v. United States, 131 S. Ct. 595 (Nov. 15, 2010); Snyder v. United States, 131 S. Ct. 384 (Oct. 4, 2010), and his application for certiorari in connection with his collateral attack was also denied. See Snyder v. United States, 134 S. Ct. 1000 (Jan. 21, 2014). After that last denial, he filed the Petition at bar. See Instant Matter, Docket Entry No. 1. Repeating his argument that, under Skilling, he has become "actually innocent" of the "honest-services" fraud, he attempted to invoke the "saving clause" of Section 2255 so to: (a) submit his Petition under Section 2241; and (b) seek this Court's decision effectively vacating/overruling the findings of Judge Blake, the Fourth Circuit and the Supreme Court. See id.

Petitioner's jurisdictional reliance on Section 2241 is without merit. As Judge Blake already explained to Petitioner, the statute affected by Skilling differs from that underlying his conviction for the wire fraud offense. Since neither Skilling

3

nor any other Supreme Court precedent decriminalized the conduct underlying Petitioner's fraud conviction, he cannot be "actually innocent" of that conviction and, thus, cannot take advantage of the "saving clause."  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Cradle v. Miner, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

Moreover, Petitioner's attempt to relitigate his Skilling-based position is barred by the doctrine of res judicata.  Here, Petitioner already had a full and fair opportunity to litigate his Skilling challenges.  Since res judicata precludes claims that were disposed of on the merits (and even those that could have been litigated) during a prior proceeding, see R & J Holding Co. v. Redevelopment Auth. of Cnty. of Montgomery, 670 F.3d 420, 427 (3d Cir. 2011); see also McCleskey v. Zant, 499 U.S. 467, 486 (1991) (pointing out that § 2244(b) "establishes a 'qualified application of the doctrine of res judicata' [to habeas actions]") (citation to legislative records omitted), Petitioner's Skilling-based position cannot be relitigated here because this Court does not sit in appellate review of the Supreme Court, the Fourth Circuit, and the District of Maryland, and no mandate allows Petitioner to take yet another "bite of this well-chewed apple."  Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610, 645 (D.N.J. 2008).

4

Therefore, the Petition will be dismissed for lack of jurisdiction or, in the alternative, as barred by res judicata.

An appropriate Order follows.

s/Renée Marie Bumb _____
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: April 30, 2014